UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MH SOUTHGATE INVESTORS, LLC, | No. 2:25-cv-1493-DC-SCR |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| ESTELLA HERNANDEZ, | |
| Defendant. | |

Defendant is proceeding pro se in this action, having moved for its removal from state court, which was accordingly referred to the undersigned. ECF No. 1. Defendant has filed a motion for leave to proceed in forma pauperis ("IFP") and submitted the affidavit required by that statute. ECF No. 2; *see* 28 U.S.C. § 1915(a)(1).

Screening of the action reveals no basis for federal jurisdiction. The Court therefore sua sponte recommends that this case be remanded to state court, and the IFP application denied as moot.

## I.   LEGAL STANDARD

28 U.S.C. § 1441(a) empowers a defendant to remove an action from state court to federal court if the district court has original jurisdiction. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). The removal statute provides:

Except otherwise expressly provided by Act of Congress, any civil

1

> action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a). Removal statutes are strictly construed with doubts resolved in favor of state court jurisdiction and remand. *See Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir.1992). The removing party bears the burden to prove propriety of removal. *See Abrego v. Dow Chem. Co.*, 443 F.3d 676, 683–685 (9th Cir. 2006); *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir.1996); *see also Calif. ex. rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir.2004) ("the burden of establishing federal jurisdiction falls to the party invoking the statute"). A district court may remand an action to state court for lack of subject matter jurisdiction or a defect in the removal procedure. 28 U.S.C. § 1447(c). Subject matter jurisdiction is normally invoked under 28 U.S.C. § 1331 (federal question) or 28 U.S.C. § 1332(a) (diversity).

Determination of federal question jurisdiction "is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of plaintiff's properly pleaded complaint." *Caterpillar,* 482 U.S. at 392. To invoke federal question jurisdiction, a complaint must establish "either that (1) federal law creates the cause of action or that (2) plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Williston Basin Interstate Pipeline Co. v. An Exclusive Gas Storage & Easement,* 524 F.3d 1090, 1100 (9th Cir. 2008).

## II.     ANALYSIS

On January 30, 2025, Plaintiff filed an unlawful detainer action in the Superior Court of California for Sacramento County. ECF No. 1 at 12-15. On May 28, 2025, Defendant filed a petition for removal of this action to federal court. ECF No. 1 at 1-3. The petition asserts that the eviction proceedings violate the Fair Debt Collection Practices Act, 15 U.S.C. § 1692; the Fair Housing Act, 42 U.S.C. § 3631; and the Fourteenth Amendment to the United States Constitution. *Id.* at 2-3.[1]

---

[1] The petition improperly identifies Defendant as Plaintiff, presumably based on a belief that a defendant becomes the plaintiff when removing a case to federal court. ECF No. 1 at 1.

An unlawful detainer action is purely a matter of state law. *See, e.g., Fannie Mae v. Suarez,* 2011 U.S. Dist. LEXIS 82300, at *6 (E.D. Cal.); *Deutsche Bank Nat'l Trust Co. v. Leonardo,* 2011 U.S. Dist. LEXIS 83854, at *2 (C.D. Cal.). An unlawful detainer plaintiff is entitled to judgment after establishing that the property at issue sold in compliance with California Civil Code section 2924 and that the requisite three-day notice to quit was served on defendant as required by California Code of Civil Procedure section 1161. *See Litton Loan Servicing, L.P. v. Villegas,* U.S. Dist. LEXIS 8018, at *5 (N.D. Cal.) (citing *Evans v. Superior Court,* 67 Cal.App.3d 162, 168 (Cal. Ct. App. 1977)). Accordingly, federal courts routinely remand unlawful detainer actions to state court. *See, e.g., Kaur v. Johnson*, 2019 WL 5617656, at *2 (E.D. Cal.).

Defendant cannot make this a federal question case by invoking federal statutes that Plaintiff did not rely on but that she believes are at issue. The Supreme Court has held that the well-pled complaint rule does not recognize federal question jurisdiction based on an actual or anticipated federal counterclaim. *See Vaden v. Discovery Bank,* 556 U.S. 49, 60 (2009) (citing *Holmes Group, Inc. v. Vornado Air Circulation Systems, Inc.,* 535 U.S. 826, 832 (2002)). Defendant's reference to federal statutes as possible affirmative defenses is insufficient to establish federal question jurisdiction.

The only alternative to federal question jurisdiction, diversity jurisdiction, requires that the controversy involve more than $75,000 in damages and be between citizens of different States or of one State and a foreign state. 28 U.S.C. § 1332(a). The unlawful detainer complaint underlying the state action identifies Plaintiff as "a California Limited Liability Company" and Defendant as a resident of Sacramento County. ECF No. 1 at 12. As both parties are California citizens, no diversity jurisdiction exists.

Defendant has failed to demonstrate that this Court has subject matter jurisdiction over the action. Removal of this action was improper and it should be remanded.

### III. CONCLUSION

Accordingly, **IT IS HEREBY RECOMMENDED** that:

1. The unlawful detainer action be REMANDED to Sacramento County Superior Court; and

2. Defendant's application to proceed IFP (ECF No. 2) be DENIED AS MOOT.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **fourteen days** after being served with these findings and recommendations, plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The plaintiff is advised that failure to file objections within the specified time may result in waiver of the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 25, 2025

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE